UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SANTO,

    Plaintiff,

                            Civil Action No. 15-13439

v.

                            HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA,
LORETTA E. LYNCH, VANITA GUPTA,
and BARBARA MCQUADE,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR COSTS,
ORDER OF SUMMARY DISMISSAL,
AND
FINDING ANY APPEAL FRIVOLOUS**

Before the Court is Plaintiff Paul Santo's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendants.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or

if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Santo's Complaint alleges that "Defendant is responsible for enforcement of my federal civil and constitutional rights, ..., and that the "Defendant failed to enforce several United States Supreme Court rulings pertaining to the federal constitutional

amendments and federal civil rights." (Comp., Pg ID 1 & 2) Plaintiff requests that the Court issue an "order to the Defendant that permits me to return to the City of New York where I resided as a resident prior to the date in which I was placed in custody" and "an order to the Defendant allowing me to return to work at my occupation that I was self employed prior to the date I was taken into custody." (Comp., Pg ID 2 & 3) No other facts are alleged in the Complaint.

A liberal reading of Santo's Complaint shows that he has failed to state a claim upon which relief may be granted. Insofar as Santo asserts a tort claim against the United States or its agencies, he must satisfy the burden of demonstrating that this Court has subject matter jurisdiction. Under the principal of sovereign immunity, "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994).

The Federal Tort Claims Act operates as a limited waiver of sovereign immunity, permitting suits for personal injuries "caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ..." 28 U.S.C. § 1346(b). The FTCA provides that the claimant must first present the claim to the appropriate Federal agency and that the agency must

first be denied in writing before bringing suit in federal court. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). In this case, Santo failed to allege in his Complaint that he has exhausted his administrative remedies by bringing a claim before the agency governing the individuals named in the Complaint. Santo has not met his burden that this Court that the United States has waived its sovereign immunity as to this claim.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Paul Santo's Application to Proceed Without Prepaying of Fees and Costs **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  October 6, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2015, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager